```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     JACKSON DIVISION
```

**JOHN CHRISTOPHER PAUL BLAKENEY,**                                **PLAINTIFF**
**# 132918**

**VERSUS**                                  **CAUSE NO. 3:12cv416-TSL-MTP**

**JAMES HOLMAN, DENISE BONE, and**
**DONALD MITCHELL**                                                **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER DISMISSING MITCHELL

BEFORE THE COURT are *pro se* plaintiff John Christopher Paul Blakeney's pleadings. He is incarcerated with the Mississippi Department of Corrections and complains of an alleged wrongful Rule Violation Report ("RVR"). The court has considered and liberally construed the pleadings. As set forth below, defendant Donald Mitchell is dismissed.

### BACKGROUND

Blakeney alleges that, on December 18, 2011, he was housed at the Central Mississippi Correctional Facility in Pearl, Mississippi. There, he contends he received a wrongful RVR. Among others, he sues Mitchell. As is relevant to him, Blakeney alleges that, while he was absent from his cell, Mitchell searched Blakeney's cell and discovered five cellular phones underneath his mat. He denies ownership of the phones and alleges that "89 other men had access" to his mat. (Compl. at 4). Defendant Denise Bone nevertheless found him guilty of an RVR.

**DISCUSSION**

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding in forma pauperis in this court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . -(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." Id. The court has permitted Blakeney to proceed in forma pauperis in this action. His Complaint is subject to sua sponte dismissal under Section 1915.

Blakeney alleges that Mitchell violated Blakeney's Fourth

2

Amendment rights because Mitchell conducted the search outside of Blakeney's presence and the phones were not his.

A prisoner does not have an expectation of privacy in his cell and "accordingly, the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." Hudson v. Palmer, 468 U.S. 517, 525-26 (1984). Additionally, Blakeney has no constitutional right to attend the search of his cell. Block v. Rutherford, 468 U.S. 576, 590 (1984) (holding detainees had no right to observe searches of their cells). Such a claim is "properly dismissed as frivolous." Montana v. Comm'r's Ct., 659 F.2d 19, 22 (5th Cir. 1981).

As for Blakeney's professed innocence, there "is no freestanding constitutional right" to be free from false charges. Castellano v. Fragozo, 352 F.3d 939, 945 (5th Cir. 2003). On the other hand, the knowing use of fabricated evidence may violate procedural due process or other constitutional rights. Id. at 953-54, 958. He does not claim Mitchell fabricated evidence. Because Blakeney alleges violation of a right that does not exist, this claim is likewise frivolous. Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998).

Mitchell is dismissed, and this dismissal counts as a strike pursuant to 28 U.S.C. 1915(g).

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, the claims against defendant Donald Mitchell should

be and are hereby **DISMISSED WITH PREJUDICE** as frivolous.  This dismissal counts as a strike pursuant to 28 U.S.C. 1915(g).  The remainder of the case shall proceed.

    **SO ORDERED**, this the 10th day of August, 2012.

                    /s/Tom S. Lee
                    UNITED STATES DISTRICT JUDGE