IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JAMES CHRISTOPHER BLAKENEY                                    PLAINTIFF

V.                                        CIVIL ACTION NO. 3:12cv416-JMR

JAMES HOLMAN and DENISE BONE                                 DEFENDANTS

<u>MEMORANDUM OPINION</u>

BEFORE THE COURT is a motion for summary judgment [28] filed by Denise Bone [Bone] and James Holman [Holman], the defendants in this case. Having considered the submissions of the parties, all matters made a part of the record in this case, as well as applicable law, the Court finds that the Motion for Summary Judgment should be granted and that this case be dismissed with prejudice.

<u>Background</u>

James Christopher Blakeney [Blakeney], was housed at Central Mississippi Correctional Facility [CMCF] on December 11, 2011. At that time, Donald Mitchell[1], a correctional officer at CMCF, found cell phones under Blakeney's mat. [1, p. 4] Blakeney was issued a Rule Violation Report [RVR]; was reduced in custody status from B-custody to closed C-custody and place in the Maximum Security Unit [MSU] for ten days. [10, p. 1.] After his release from the MSU, he was placed in the segregated population unit, where most of his personal property was taken or destroyed, according to Blakeney. (*Id*.) He also lost his phone and visitation privileges. [10, p. 2.] Blakeney was transferred to the South Mississippi Correctional Institution [ SMCI] in Leakesville, Mississippi, where he contends he was attacked and robbed by gang members. (*Id*.) Blakeney seeks to have RVR #1230027 removed from his record. [1, p. 4.]

Blakeney contends that his rights under the Fourth Amendment were violated when Mitchell searched Blakeney's personal property. [10, p. 2.] Blakeney asserts that his rights under

---

[1]Mitchell was dismissed as a defendant in this case in an order dated August 10, 2012. [12.]

the Fifth Amendment were violated when he was placed in segregation, thus depriving him of his personal property without due process of law or without just compensation. [10, pp. 2-3.] He claims his rights under the Sixth Amendment were violated when he was placed in the maximum security unit "effectively barr[ing] him his compulsory process for obtaining witnesses in his favor." [10, p. 3.] He contends that his Eighth Amendment rights were violated when he was "removed from a safe environment and placed into a gang controlled area causing him to be attacked and robbed, and preventing him from contacting his family." (*Id.*)

## ANALYSIS

Blakeney does not specify whether the defendants are sued in their individual and official capacities. [1.] The Court will address both possible claims against these defendants.

I.      Claims against James Holman

Holman was the superintendent of CMCF during the time Blakeney contends his constitutional rights were violated. [28-1, p. 1.] Section 1983 does not create supervisory or *respondeat superior* liability. *Alton v. Tex. A & M Univ.,* 168 F.3d 196, 200 (5th Cir. 1999). In addition, the Eleventh Amendment bars official capacity claims for money damages against prison officials. *Oliver v. Scott,* 276 F.3d 736, 742 (5th Cir. 2002). Blakeney's claims against Holman, if any, in his official capacity are barred under these principles, consequently, the Court concludes that summary judgment should be granted on any claims against Holman acting in his official capacity.

In addition, any claims against Holman acting in his individual capacity are barred because Blakeney has not identified specific policies implemented by Holman which caused the alleged constitutional violation in this case. "To state a cause of action under § 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant." *Jolly v. Klein,* 923 F. Supp. 931, 943 (S.D. Tex. 1996) (citing *Murphy v. Kellar,* 950 F.2d 290, 292 (5th Cir. 1992)). Supervisory prison officials may be

held liable for a Section 1983 violation only if they either were personally involved in the constitutional deprivation or if there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins v. Belt,* 828 F.2d 298, 304 (5th Cir. 1987). No such evidence is present in this case and the Court, therefore, finds that summary judgment should be granted on any claims against Holman acting in either his individual or official capacity.

II.    Eleventh Amendment Immunity

As stated above, the Eleventh Amendment bars claims against a state filed pursuant to § 1983 seeking monetary damages against defendants in their official capacity. *Aguilar v. Texas Dep't of Crim. Justice,* 160 F.3d 1052, 1054 (5th Cir. 1998) (citing *Farias v. Bexar County Bd. Of Trustees,* 925 F.2d 866, 875 n. 9 (5th Cir. 1991)). A suit against a state official in his or her official capacity is a suit against the official's office, and consequently, "it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989) (citations omitted). "Federal claims against state employees in their official capacities are the equivalent of suits against the state." *Ganther v. Ingle,* 75 F.3d 207, 209 (5th Cir. 1996). Such claims are barred by the Eleventh Amendment, and would likewise bar any claims advanced against Bone acting in her official capacity. The Court concludes that any claims against Bone or Holman in their official capacities should be dismissed on summary judgment.

III.   Lack of Due Process

Blakeney claims he was denied due process when the defendants allegedly did not respond to his ARP grievance. He contends that his bunk area was searched while he was in the restroom, and the officer claimed to find five cell phones under the foot of Blakeney's mat. [1, p. 4.] Blakeney asserts that many other people had access to the area, but nevertheless, Bone found him guilty of the RVR. (*Id.*) Bone also heard the appeal and denied relief. (*Id.*) Holman claims Blakeney's due process rights were honored and did not remove the RVR from Blakeney's file.

(*Id.*) Blakeney seeks an evidentiary hearing to determine who actually owned the cell phones. (*Id.*)

Blakeney clarified his claims about the incident and contends that his custody level was reduced as a result of the RVR. [10, p. 1.] In addition, he was denied his right to media, lost his phone privileges, and lost his visitation privileges. [10, pp. 1-3.] He claims that when he was placed in the MSU he was barred from being able to call witnesses on his behalf at the RVR hearing. [10, p. 3.]

In order to establish a violation of the Due Process Clause in connection with a disciplinary hearing, a prisoner must establish that he has been denied a " 'liberty interest' that the prison action implicated or infringed." *Richardson v. Joslin,* 501 F.3d 415, 418 (5th Cir. 2007). A prisoner does not have a constitutional right to remain in a particular prison, and a change in a prisoner's classification or custody status does not implicate the due process clause. *Meachum v. Fano,* 427 U.S. 215, 224–5 (1976). A reduction in line class or a change in custody status does not implicate a liberty interest protected by the Due Process Clause. *Malchi v. Thaler,* 211 F.3d 953, 958–9 (5th Cir. 2000); *Luken v. Scott,* 71 F.3d 192, 193 (5th Cir. 1995), *cert. denied* 517 U.S. 1196 (1996). A prisoner's change in custody status, including his placement in disciplinary segregation or lock-down; the loss of recreation and commissary privileges; and the imposition of cell phone restrictions, does not implicate a liberty interest because those punishments do not represent "the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Sandin v. Conner,* 515 U.S. 472, 486 (1995); *Madison v. Parker,* 104 F.3d 765, 768-9 (5th Cir. 1997); *Luken,* 71 F.3d at 193.

Further, there is no "unqualified right to call witnesses" in prison disciplinary proceedings. *Wolff v. McDonnell,* 418 U.S. 539, 567-8 (1974); *Hewitt v. Helms,* 459 U.S. 460 (1983). The Court finds no due process violation in Blakeney's claim, and concludes that the motion for summary judgment should be granted on his claim of a deprivation of his due process rights.

IV.     Loss of Personal Property

In this case, it is unclear if Blakeney contends that his property was taken by prison officials or other inmates. [10.] Regardless, Section 1983 will not support a cause of action if a person's property is taken by random and unauthorized conduct of a state actor and the state provides an adequate post-deprivation remedy. *Cathey v. Guenther,* 47 F.3d 162 (5th Cir. 1995). In addition, it is well-established that neither negligent nor intentional deprivations of property violate due process where there is an adequate state tort remedy available. *Daniels v. Williams,* 474 U.S. 327 (1986); *Hudson v. Palmer,* 468 U.S. 517, 533 (1984). Numerous Fifth Circuit cases have upheld dismissal of prisoners' suits for property deprivation because of the availability of state law remedies. *See, e.g., Myers v. Klevenhage,* 97 F.3d 91, 94-5 (5th Cir. 1996) *(per curiam); Murphy v. J.A. Collins,* 26 F.3d 541, 543-4 (5th Cir. 1994); *Marshall v. Norwood,* 741 F.2d 761, 763-4 (5th Cir. 1984). Mississippi provides post-deprivation remedies for both negligent and intentional conversions of property. *See e.g.,* MISS. CODE ANN. § 11-38-1 *et seq.* (claim and delivery); MISS. CODE ANN. § 11-37-101 *et seq.* (replevin). It is the plaintiff's burden to establish that these post-deprivation remedies are not adequate and in this case, Blakeney failed to allege, must less provide any evidence, that these remedies are not adequate. *Myers,* 97 F.3d at 94-5 (citations omitted).

Any due process claim Blakeney may advance in connection with these allegations also fails. The Fifth Circuit has held that "Mississippi's post-deprivation remedies for civil IFP litigants satisfy due process." *Nickens v. Melton,* 38 F.3d 183, 185 (5th Cir. 1994), *cert. denied* 514 U.S. 1025 (1995). Here, Blakeney's remedy, if any, lies in a tort claim under state law, not a claim brought under Section 1983, and the Court finds that the motion for summary judgment on Blakeney's claims associated with the alleged theft of his property should be granted.

V.      Eighth Amendment Failure to Protect Claim

Blakeney claims that these defendants violated his Eighth Amendment rights when he was transferred to another facility where he was allegedly attacked and robbed by gang

members. Blakeney claims that these defendants are liable to him under the Eighth Amendment for failure to protect him from attack at the new facility.

Prison officials have a duty under the Eighth Amendment to protect inmates from attacks by other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Although prisoners have a right to be free from cruel and unusual punishments, they have no constitutionally protected interest to serve their sentence in a particular institution, or to be transferred or not transferred from one institution to another. *Olim v. Wakinekona,* 461 U.S. 238, 249–50 (1983); *Tighe v. Wall,* 100 F.3d 41, 42 (5th Cir. 1996). In addition, the mere act of transferring an inmate from one facility to another does not violate a constitutionally protected interest. *Olim,* 461 U.S. at 249–50; *Tighe,* 100 F.3d at 42.

If prison authorities are on notice one inmate is personally subject to possibly being physically harmed, or if they are on notice a particular inmate will assault other inmates without any specific person in mind, then they have an obligation to protect those inmates who are the object of direct threats or possible violence from another inmate. *Stokes v. Delcambre,* 710 F.2d 1120, 1124 (5th Cir. 1984). To succeed on a failure-to-protect claim, Blakeney must show "a wanton or deliberate attitude on the part of the officer." *See Farmer*, 511 U.S. at 834. A prison official cannot be held liable for an alleged failure to protect under the Eighth Amendment "unless the official knows of and disregards an excessive risk to inmate health or safety." *Farmer,* 511 U.S. at 837. Not only must the official "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, [but] he must also draw the inference." *Id.* Although a prison official may bear some responsibility for placing an inmate in danger through an improvident transfer, such official is not liable under the Eighth Amendment unless the official was consciously indifferent to the danger posed by the transfer or specifically intended the transfer to result in the "wanton infliction of unnecessary pain." *Johnston v. Lucas,* 786 F.2d 1254, 1260 (5th Cir. 1986). In addition, the indifference must actually and proximately cause harm to the plaintiff. *See Ward v. Dallas County Jail,* 2004 WL 2534044, *2 (N.D. Tex.

2004) (citing *Leer v. Murphy,* 844 F.2d 628 (9th Cir.1988)).

Holman submitted an affidavit in which he avers that "as Superintendent of CMCF in Pearl, Mississippi, I have no authority and/or responsibility regarding the security and operation of South Mississippi Correctional Institution [SMCI] in Leakesville, Mississippi, including, but not limited to, the housing, classification and/or protection of inmates housed there." [28-1, p. 1.] Bone submitted an identical statement in her affidavit, with the only difference being that she identified herself as the evidence coordinator at CMCF in Pearl, Mississippi. [28-2, p. 1.] It is not clear from the evidence before the Court whether Holman or Bone were directly involved in the transfer at issue; besides, mere involvement does not suffice to impose liability for an Eighth Amendment violation. Unless they transferred Blakeney with specific indifference to a substantial risk of serious harm or to wantonly inflict unnecessary pain upon him, their actions do not rise to the level of an Eighth Amendment violation. *See Farmer,* 511 U.S. at 834–37; *Johnston,* 786 F.2d at 1260.

The burden or proof then shifts to Blakeney to direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Blakeney identifies no evidence creating a factual dispute by showing that either defendant transferred him to a particular prison facility to wantonly inflict pain upon him or with indifference to a substantial risk of serious harm. He does not point to any evidence that either defendant was even aware of the potential threat to his safety at SMCI. His conclusory allegations that Bone and Holman were somehow responsible for the alleged attack once Blakeney was transferred to SMCI are simply not competent summary judgment evidence. *See Richardson v. Oldham,* 12 F.3d 1373, 1378 (5th Cir. 1994). The Court concludes that the defendants' motion for summary judgment on Blakeney's claims advanced under the Eighth Amendment should be granted.

VI.     Fourth Amendment Claim

Blakeney contends that his Fourth Amendment rights were violated when his mat or cell

was searched by Mitchell. [10, p. 2.] Prison inmates do not have a right of privacy in their cells and the Fourth Amendment proscription against unreasonable searches does not apply to searches of prison cells. *Hudson,* 468 U.S. at 526–7. Even if jail officials searched Blakeney's cell, there was no violation of his constitutional rights by doing so. The Court concludes that the motion for summary judgment on Blakeney's claims advanced under the Fourth Amendment should be granted. The Court, therefore, finds that the motion for summary judgment on any claims brought against these defendants should be granted.

Conclusion

Based on the forgoing analysis, the Court finds that the defendants' motion for summary judgment [28] should be granted. A separate judgment in conformity with and incorporating by reference the above Memorandum Opinion shall issue this date. The Clerk is directed to mail a copy of this Memorandum Opinion and the Judgment by certified mail, return receipt requested to Blakeney at his last known address of record. Each party shall bear their respective costs associated with this motion.

DATED, this the 19th day of August, 2013.

_____s/ John M. Roper_____<br>
CHIEF UNITED STATES MAGISTRATE JUDGE